## ZILAR et al. v. ABRAMS.

No. 21069. Opinion Filed Dec. 6, 1932.

M. W. Hinch and F. W. Church, for plaintiffs in error.

A. G. Croninger and E. C. Fitzgerald, for defendant in error.

HEFNER, J. This is an action brought in the district court of Ottawa county by S. W. Abrams against Ed Zilar, Marshall W. Hinch, and others, to quiet title to a leasehold interest claimed by them under and by virtue of a lead and zinc mining lease in and to 120 acres of land in that county. The trial was to the court and resulted in judgment in favor of plaintiff. Defendants bring the case here for review, and contend that the judgment is not sustained by the evidence and is contrary to law.

On April, 16, 1925, plaintiff obtained a lead and zinc mining lease on the premises from his mother, who was the fee owner. He thereafter subleased 80 acres of it to defendant Zilar, who sold a half interest therein to his codefendant Hinch. Zilar and Hinch sublet the south 40 acres of the 80-acre tract to H. O. Jenkins and Dr. A. W. Cox, who were doing business under the name of Snowball Mining Company. The mining company thereafter acquired an additional 20 acres from Zilar and Hinch, leaving the latter defendants only

a 20-acre interest in the lease. The Snowball Mining Company operated the lease until April 21, 1926, at which time they sold their interest therein to Alf Heggem and Martin E. Davis, who thereafter operated the same under the name of Donna-Hane Mining Company. This company operated the lease until sometime in August, 1927, at which time operations thereon ceased and no furher operations were ever had thereon. Heggem, in the meantime, sold his interest in the Dona-Hane Company to his partner, Martin E. Davis. Shortly thereafter Davis died and plaintiff acquired the entire interest of the Donna-Hane Company at executor's sale. In the early part of January, 1928, plaintiff served notice upon Zilar that, because of his failure to continue operation of the lease, he had forfeited all · of his interest therein. Plaintiff predicated his right to declare a forfeiture on the following provisions of the lease:

"Mining shall be carried on in good faith continuously, and shall not be suspended without the written permission of the party of the first part, or her agent. Delays caused by unavoidable accident, or causes beyond the control of the party of the second part, alone excepted.

"In the event that the second party, his heirs or assigns shall fail to fulfill and comply with any of the terms and conditions of this lease, this lease shall thereby become forfeited and terminated, and the said party of the first part may thereupon at once take possession of said land without notice to quit, demand of possession, or any legal proceeding whatever."

The evidence shows that plaintiff did not give defendants permission to suspend operations of the lease, as provided by the contract, and he contends that he had a right to forfeit defendants' interest therein. The main defense was that the market price of lead and zinc had declined to such extent that they could not pay the cost of production; and that they therefore had the right, during the period of such declined market price, to suspend operation under the clause of the lease which permits suspension for causes beyond the control of lessees.

Defendants offered evidence which shows that, during all of the time operations were suspended, the market price of these minerals would not pay the cost of production. The evidence on this point is uncontradicted. Thereunder, we think the court erred in forfeiting the interests of defendants Zilar and Hinch in the lease.

Plaintiff contends that the mere fact that the market price of the minerals declined to such extent that it rendered production unprofitable was not sufficient cause for the suspension of operations wihin the meaning of the clause relied upon by defendants. We do not agree with this contention. The operators had no control over the price of the minerals. Decline in the market price to such extent that it would not pay the cost of production was a cause beyond the control of lessees. A court of equity will not compel them to operate the lease at a loss. The general rule is that equity abhors forfeitures and will not decree a forfeiture where it will work a hardship on one of the parties, unless compelled to do so under the clear and plain terms of the contract. There is nothing in the instant contract which, in clear and plain terms, compels continuation of the operation at a loss to lessees.

In Indiana Oil, Gas & Develop. Co. v. McCrory, 42 Okla. 136, 140 P. 610, it is said:

"Because forfeitures are usually harsh and oppressive, and because they can ordinarily be enforced at law, courts of equity generally refuse to aid in their enforcement; but the rule is not absolute or inflexible. Its influence and operation do not extend beyond the reason which underlies it, and in cases otherwise cognizable in equity there is no insuperable objection to the enforcement of a forfeiture in a court of equity when that is more consonant with the principles of right, justice, and morality than to withhold equitable relief.

A court of equity will not, therefore, under these conditions, declare a forfeiture because of suspension of operations.

In the case of Empire Gas & Fuel Co. v. Haggard, 152 Okla. 35, 3 P. (2d) 675, this court said:

"No obligation rests on the lessee of an oil and gas lease to carry operations beyond the point where they will be profitable to it, even though some benefit to the lessor might result therefrom."

See, also, the following authorities: Goodwin v. Standard Oil Co., 290 Fed. 92 (1923); United Central Oil Corp. v. Helm, 11 Fed. (2d) 760.

While these authorities construed the rights of the parties under an oil and gas lease, we see no good reason why the rule therein announced should not apply to a lead and zinc mining lease.

The judgment as to defendants Zilar and Hinch is reversed, and the cause remanded, with directions to enter judgment in their favor as to the 20-acre interest in the lease retained by them.

LESTER, C. J., and CULLISON, SWIN-

DALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., and RILEY, J., absent.